## HATCH *v.* WALLAMET IRON BRIDGE Co.

*(Circuit Court, D. Oregon. May, 1886.)*

INJUNCTION—REMOVAL OR MODIFICATION—PETITION—PROCEEDINGS TO ENFORCE—WALLAMET RIVER BRIDGE.

Where an injunction has been granted restraining the erection of a bridge, the defendants enjoined cannot obtain relief by presenting a petition for removal or modification of the injunction on the ground of a change in the law, and an alteration in the plans of the bridge, but may make the point in a proceeding against them to enforce the injunction, under which the questions whether the law has been so changed, and whether the bridge being constructed is the one to which the injunction applies may be raised.

*George H. Williams* and *Charles B. Bellinger,* for petitioner.
*H. Todd Bingham* and *Edward W. Bingham,* for respondent.

DEADY, J., *(orally.)* This is a petition of the Wallamet Iron Bridge Company for the removal or modification of the injunction against the erection of the bridge which it proposes to construct at the foot of Morrison street, or some express authority or permission by means of which the company can proceed with the work. As is well known, the construction of this bridge was enjoined by a decree of this court some years ago at the suit of parties having certain riparian rights upon the Wallamet river. The court acted upon the theory that the bridge, as it was proposed to be constructed, was an obstruction to the navigation of the river, in violation of the second section of the act of congress of February 14, 1859, admitting this state into the Union; and, following the ruling in the case of *Pennsylvania* v. *Wheeling, etc., Bridge Co.,* 13 How. 565, decided that it had jurisdiction of the case. The bridge was considered, upon the testimony and in the judgment of the court, to be an unwarrantable obstruction to the navigation of the river, and its construction was enjoined. No appeal was taken from this decree. Afterwards a bill of review was allowed, and an effort was made to have the decree set aside; but the court maintained its opinion, and dismissed the bill. From this decree, dismissing the bill of review, I understand, an appeal has been taken to the supreme court of the United States; but the case on the original bill remains here. Since these proceedings, the supreme court of the United States, being called upon to consider this question in the case of *Cardwell* v. *American River Bridge Co.,* 5 Sup. Ct. Rep. 423, has decided that language in the act admitting the state of California, similar to that used in the act admitting the state of Oregon, did not extend to the erection of a bridge in such a case; and that if the state authorized the construction of the bridge, that was authority sufficient. Since this decision by the supreme court, this court has had the same question before it in the case of *Scheurer* v. *Columbia-street Bridge Co.,* 27 Fed. Rep. 172, and refused to enjoin the construction of its proposed bridge at the foot of Jefferson street,

in view of the decision in the case of Cardwell v. American River Bridge Co. The petition now presented assumes that, under this decision of the supreme court, the law has been changed, as if an act of congress had been passed authorizing the construction of this bridge; and therefore the court is asked to modify the injunction, or to give some leave or permission to proceed in disregard of it.

I have considered this matter carefully, and am unable to see my way clear, under any recognized authority or mode of proceeding, to grant the relief asked. The decree against which relief is sought was a final decree of this court, made years ago; and it seems to me that the only way in which the question can be brought up is by a proceeding to enforce the injunction. If the petitioners see-proper to go on with the erection of the bridge, and parties interested in maintaining this decree desire to proceed by attachment against them for contempt, the court will require notice to be given to the parties, and will then proceed to examine into the question as to whether the decree should, under the circumstances, be enforced. In this investigation two questions will be considered: First, whether the recent decision of the supreme court has superseded the decree, and changed the law on this subject; and, second, whether this is the bridge in reference to which the injunction was issued.

The bridge which the company now say they propose to construct is one which will cost much more than the bridge of which the construction was enjoined, and it is to be much less objectionable as to the width and situation of the draw. I am free to say, whatever the language of the decree may be, that I do not consider the injunction in this case to be other than a command not to build the bridge which was then in course of construction, or contemplated by the defendants, or one substantially like it. The language of the decree must be construed in connection with the subject-matter. I regarded the former bridge, and still regard it, as a very unwarrantable structure; but the bridge which it is now proposed to build is much less objectionable, and, for all that appears, its construction may be no violation of the rule of law upon which the court acted under the theory by which it was originally governed in this matter.

The court quoted from the opinions in the cases of Pennsylvania v. Wheeling Bridge Co., 18 How. 431; Baird v. Shore Line Ry. Co., 6 Blatchf. 463, and Wallamet Iron Bridge Co. v. Hatch, 9 Sawy. 656; S. C. 19 Fed. Rep. 347, and concluded:

Upon the authority of these two cases it is my opinion that if the law applicable to this matter has been changed, or ascertained to be different from what the court apprehended it to be, the question will properly come up on an application to enforce this decree, and, as I have said, the further question will come up as to whether this bridge was the same that was enjoined. I am unable to do more than to dismiss this petition with these suggestions, leaving the parties to bring the matter before the court in the way I have indicated.